T.C. Memo. 2004-166


UNITED STATES TAX COURT


ESTATE OF DAVID KATZ, DECEASED, SARAH KATZ, EXECUTRIX, Petitioner
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1462-03.                    Filed July 14, 2004.


        D executed a will in 1991 which provided for the
creation of a trust that was to be funded with an
amount equal to the "aggregate federal estate tax
exemption equivalent".  Following D's death in 1998,
D's wife filed a qualified disclaimer, disclaiming both
her interest in the trust, and also in five securities.

        R determined that the trust was funded by (1)
assets in an amount equal to the "aggregate federal
estate tax exemption equivalent" and (2) the interests
in the securities disclaimed by D's wife.  R determined
that the estate was liable for a deficiency in estate
tax because of the bequests disclaimed by D's wife.

        <u>Held</u>:  The trust was funded both by (1) assets in
an amount equal to the "aggregate federal estate tax
exemption equivalent", and also by (2) the interests in
the securities disclaimed by D's wife.  Since the trust
was therefore overfunded, the estate is liable for a
deficiency in estate tax, as determined by respondent.

Anne Marie Mazzu and Lewis Cohn, for petitioner.

Joseph J. Boylan, for respondent.

MEMORANDUM OPINION

NIMS, Judge:  Respondent determined a Federal estate tax deficiency in the amount of $147,800 with respect to the estate of David Katz (the estate).  The issue for decision is whether the estate is liable for a deficiency in estate tax because of bequests disclaimed by Sarah Katz.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the relevant periods, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

David Katz (decedent) was a resident of the State of New Jersey when he died testate in that State on September 23, 1998.

Decedent's spouse, Sarah Katz, was named executrix of the estate and likewise resided in New Jersey at the time the petition in this case was filed.

On February 8, 1991, decedent executed a Last Will and Testament (decedent's will).  On November 23, 1998, decedent's will was admitted to probate by the Surrogate of Essex County, New Jersey.

Decedent's will provides, in relevant part:

> THIRD:  (A)  If my wife, SARAH KATZ, shall survive me, I give, devise and bequeath to my trustees, IN TRUST, NEVERTHELESS, a legacy in an amount equal to the aggregate federal estate tax exemption equivalent, as hereinafter defined, in effect at my death.  This amount shall not be reduced on account of any disclaimer by my wife.  As used in this will, the term "aggregate federal estate tax exemption equivalent" refers to the maximum amount of property subject to federal estate tax that can be transferred at my death without incurring any federal estate tax (without regard to property that qualifies for the federal estate tax marital or charitable deductions), as a result of all credits against federal gift and estate taxes available to my estate at my death, diminished by the value of all other property which shall be included in my gross estate for federal estate tax purposes and which passes or has passed to any person (other than property passing to my wife or any charitable beneficiary in a manner that qualifies for the federal estate tax marital or charitable deductions), either under any other provisions of this will or in any other manner.  For the purposes of this definition, if the use of all credits against federal gift and estate taxes available to my estate would increase the amount of any tax payable to any state on account of my death, then I direct that such credits be used only to the extent they do not increase such state death taxes.
> * * *

* * * * * * *

(D)  Immediately after the death of my wife, SARAH KATZ, this trust shall terminate and the balance of the trust fund then on hand, including any accrued and undistributed income, shall be administered and disposed of in accordance with the applicable provisions of Article FOURTH of this will.

FOURTH:  (A)  All the rest, residue and remainder of my estate is hereinafter referred to as my "residuary estate."

(B)  I give, devise and bequeath my residuary estate to my wife, SARAH KATZ, if she shall survive me. Notwithstanding any otherwise conflicting provision of this will, if my wife disclaims any interest in any portion of the property otherwise passing outright to her under this Article of my will, such portion instead shall be added to the trust created under Article THIRD of this will, to be administered and disposed of in accordance with the provisions thereof.

(C)  Upon my death if my wife shall not survive me, or immediately after the death of my wife if my wife shall survive me (the later of such events being hereinafter referred to as the "time of the later death"), I direct my executors or trustees to divide my residuary estate or the then remaining balance of the trust established under Article THIRD, as the case may be, into as many equal parts as shall equal in number those of my children who shall be living at the time of the later death and those of my children who shall have died prior to the time of the later death leaving descendants living at the time of the later death, and I give, devise and bequeath such equal parts * * *.

On June 22, 1999, Sarah Katz timely filed a Renunciation and Disclaimer (the Disclaimer) with the Essex County Surrogate's Court with respect to decedent's will.

The Disclaimer provides, in relevant part:

I hereby renounce and disclaim irrevocably and forever any right, title and interest in and to the following securities:

(1)  407.437 shares, Chrysler Corp.;

(2) 1,832.357 shares, Marriott International, Inc.;

(3) 6,904.323 shares, PECO Energy;

(4) 776.5432 shares, PSE&G, Inc.; and

(5) 1,800 shares, Sempra Energy.

In addition, I hereby renounce and disclaim irrevocably and forever any right, title and interest in and to the trust created for my benefit pursuant to Article THIRD of my husband's Will.

On December 28, 1999, the estate filed Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return.

On November 1, 2002, respondent issued to the estate a statutory notice of deficiency.

## Discussion

Section 2001(a) imposes a tax on "the transfer of the taxable estate of every decedent who is a citizen or resident of the United States." Section 2031(a) provides that "The value of the gross estate of the decedent shall be determined by including to the extent provided for in this part, the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated."

Section 2056(a) provides for a deduction from the gross estate of a decedent for the value of property that passes from the decedent to the surviving spouse.

Section 2046 provides that disclaimers of property interests passing upon death are treated as provided in section 2518.

Section 2518 provides that, if a person makes a qualified disclaimer with respect to any interest in property, the disclaimed interest is treated as if it had never been transferred to the person making the qualified disclaimer.

The parties agree that the Disclaimer was a qualified disclaimer within the meaning of section 2518. The parties disagree regarding how to properly interpret decedent's will and the Disclaimer.

Respondent argues that decedent's will and the Disclaimer have the effect of funding a trust (as described in Article THIRD of decedent's will, and hereinafter referred to as "the Trust") with an amount equal to the "aggregate federal estate tax exemption equivalent" and with the interests in various securities specified in the Disclaimer.

The estate argues that decedent's will and the Disclaimer have the effect of funding the Trust with an amount equal to the "aggregate federal estate tax exemption equivalent". According to the estate, the Disclaimer functions to specify which assets pass to the Trust; the Disclaimer does not increase the overall amount passing to the Trust. The estate argues that respondent is effectively double counting. The estate contends that the "only assets by which the Trust was to be funded were the five

enumerated shareholding interests identified in the Disclaimer." We agree with respondent's interpretation of decedent's will and the Disclaimer.

Pursuant to Article THIRD (A) of decedent's will, the Trust was to be created and funded with an amount equal to the "aggregate federal estate tax exemption equivalent". Article THIRD (A) further provides that this amount should not be reduced on account of any disclaimer by Sarah Katz. Article FOURTH (B) of decedent's will provides that if Sarah Katz "disclaims any interest in any portion of the property otherwise passing outright to her * * * such portion instead shall be added to the trust created under Article THIRD". Thus, the Trust was to be funded with an amount equal to the "aggregate federal estate tax exemption equivalent" and with any interests disclaimed by Sarah Katz.

Respondent correctly determined that the securities disclaimed by Sarah Katz should be added to the property passing to the Trust, as required by Article FOURTH (B) of decedent's will. Thus, the Trust was funded with the "aggregate federal estate tax exemption equivalent" and the securities specified in the Disclaimer.

The estate argues that decedent intended for the Trust to be funded only with the "aggregate federal estate tax exemption equivalent". The estate argues that we should interpret

decedent's will in such a manner as to effectuate decedent's "probable intent" to this end. According to petitioner, decedent's intent was to minimize taxes, and to accomplish this petitioner seeks to require us to apply the probable intent doctrine as formulated by New Jersey statutory law and case law. See N.J. Stat. Ann. sec. 3B:3-33 (West 1983); Fid. Union Trust Co. v. Robert, 178 A.2d 185 (N.J. 1962). To do so we are asked to read decedent's will in such a way as to exclude the second sentence of Article THIRD (A): "This amount shall not be reduced on account of any disclaimer by my wife." We decline to do so.

The fatal defect in petitioner's argument is that petitioner's intent, if such it was, to minimize taxes was thwarted, not by any ambiguous language in the will, but by the Disclaimer. As pointed out above, the Disclaimer disclaims both specified shares (and fractional shares) of certain stocks, and also the disclaiming wife's interest in the Trust. Article FOURTH (B) of the will provides that if decedent's wife disclaims any interest in property that would otherwise pass outright to her under Article FOURTH such property is to be added to the trust created under Article THIRD. Thus, it was the Disclaimer, and not decedent's will, that caused the Trust to be funded with more than the "aggregate federal estate tax exemption equivalent". Absent the Disclaimer the Trust would have been funded with only the "aggregate federal estate tax exemption

equivalent", as required by decedent's will. Thus, the estate's argument regarding decedent's intent is irrelevant, since it was defeated by the Disclaimer, and not the will provisions.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.